NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TONY HAILE,

           Petitioner,

           v.

ANTHONY DEGNER,

           Respondents.

Civil Action No. 23-22861 (KMW)

**MEMORANDUM OPINION**

This matter comes before the Court Respondent's motion to dismiss (ECF No. 6) Petitioner's habeas petition challenging his state court conviction. (ECF No. 1.) Petitioner filed two responses to the motion. (ECF Nos. 8-9.) Respondent did not reply. For the following reasons, Respondent's motion shall be granted.

By way of background, Petitioner's judgment of conviction was entered on March 1, 2018. (ECF No. 6-6.) Petitioner appealed, and the Appellate Division affirmed his conviction and sentence by way of an order issued December 3, 2018. (ECF No. 6-12.) Petitioner sought certification, which the New Jersey Supreme Court denied in an order filed May 14, 2019. (ECF No. 6-15.) Petitioner did not file a petition for certiorari to the Supreme Court.

Petitioner thereafter filed a PCR petition in the state trial court through a document dated July 22, 2019, which was marked filed by the state courts on September 4, 2019. (ECF No. 6-16.) Petitioner's PCR petition was ultimately denied in an order issued March 18, 2021. (ECF No. 6-23.) Petitioner did not timely file an appeal, and instead submitted a late notice of appeal, accompanied with a motion seeking leave to appeal as within time, on June 28, 2021. (ECF Nos.

6-24, 6-25.) The Appellate Division granted that motion, and ultimately affirmed the denial of Petitioner's PCR petition on June 27, 2022. (ECF No. 6-29.) Petitioner filed a timely petition for certification, which was ultimately denied by the New Jersey Supreme Court in an order filed January 13, 2023. (ECF No. 6-32.) Respondent contends that, under this timeline, Petitioner's current habeas petition, which was filed November 22, 2023, (*see* ECF No. 1 at 17), is untimely.

Petitions for a writ of habeas corpus are subject to a one-year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that limitations period runs from the date on which the petitioner's conviction became final following the conclusion of direct appellate review, including the ninety-day period in which Petitioner could have but did not file a petition for certiorari with the Supreme Court. *Ross* 712 F.3d at 798; *Jenkins*, 705 F.3d at 84; *see also* 28 U.S.C. § 2244(d)(1)(A). In this matter, Petitioner's conviction became final on August 12, 2019, when the time for filing a timely petition for certiorari passed, and would have expired one year later absent a basis for tolling.

Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to statutory tolling while a properly filed PCR petition or collateral attack remains "pending" before the state courts. *Jenkins*, 705 F.3d at 85. A state court PCR petition will be considered "properly filed" only where it is filed in accordance with all of the state courts' "time limits, no matter their form." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)). While a PCR will be considered to remain pending following an adverse final decision by a trial level PCR court, that petition will cease to remain pending once the time for filing a timely appeal expires and the PCR appeal will not be considered to have resumed its "pending" status after this time expires until the petitioner actually files a notice of appeal. *See Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Swartz v. Meyers*, 204 F.3d 417, 420-24, 423 n. 6 (3d Cir. 2000); *Thompson v. Admin N.J. State Prison*, 701 F. App'x

2

118, 121-23 (3d Cir. 2017). Under the New Jersey court rules, a direct appeal from the denial of a PCR petition must be filed within forty-five days of the denial of the petition. N.J. Ct. R. 2:4-1. A petition for certification before the New Jersey Supreme Court must in turn be filed within twenty days of an adverse decision by the Appellate Division. *See* N.J. Ct. R. 2:12-3.

Here, Petitioner filed his PCR petition on or about September 4, 2019, after at most twenty-three (23) days of his one year limitations period had expired. His petition remained pending until he failed to file a timely direct appeal of the denial of his PCR petition on May 2, 2021, and resumed its pending status when Petitioner filed a late notice of appeal and motion to appeal as within time on June 28, 2021, after fifty-nine (59) more untolled days had passed. Petitioner's habeas petition thereafter remained pending until the New Jersey Supreme Court denied certification on January 13, 2023. At that time, Petitioner still had 285 days within which to timely file a habeas petition. Petitioner's habeas petition was thus due by October 25, 2023, twenty-eight days before his petition was filed. Absent a basis for equitable tolling, then, Petitioner's habeas petition would be untimely by twenty-eight days.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

Petitioner presents two arguments for equitable tolling. First, he argues that he should receive the benefit of tolling between the date on which he tried to file his PCR petition from prison – July 22, 2019, rather than its date of filing on September 4, 2019. Because Petitioner's one year limitations period did not even begin to run until he failed to file a petition for certiorari on August

3

12, 2019, this period would at most provide Petitioner with twenty-three days of additional tolling, which would be insufficient to render Petitioner's habeas petition timely. Second, Petitioner argues that the "unprecedented global pandemic," by which Petitioner means COVID-19, hampered the use of prison law libraries and the like and prevented a timely filing.

Because Petitioner's first argument does not supply sufficient tolling to render his current petition timely, the Court will focus on the second argument. While the COVID-19 pandemic and accompanying lockdowns could certainly be considered to have been an extraordinary event which did hamper some forms of litigation, Petitioner has presented no specific facts as to how he believes COVID interfered with his ability to timely pursue his claims in this habeas matter. Petitioner's PCR petition was filed long before COVID entered the United States, and remained pending and thus tolled throughout the most severe period of lockdowns in 2020 and early 2021. Indeed, in Petitioner's PCR and habeas timeline, there is only one untolled period which occurred while COVID lockdowns may have been in effect – the period between Petitioner's PCR petition being denied in late March 2021, and his late filing of a notice of appeal at the end of June 2021. However, Petitioner provides no arguments or details as to how COVID impacted his ability to file a timely appeal. As it was counsel, and not Petitioner pro se, who prepared that appeal and the motion to file as within time, that Petitioner's law library access may have been hindered appears to largely be a red herring – counsel was not reliant upon the law library or Petitioner's access to it to file Petitioner's appeal. At most, the late filing appears to be a matter of common attorney neglect in the form of a late filing – which is insufficient to provide a basis for tolling. *See Jenkins*, 705 F.3d at 89 n. 16; *see also Holland v. Florida*, 560 U.S. 631, 651-52 (2010). In the absence of some clear argument as to how and why the COVID-19 pandemic prevented Petitioner's counsel from filing a timely appeal, the pandemic's mere existence is not sufficient to show that Petitioner is entitled to equitable tolling. *See, e.g., Williams v. Davis*, No.22-5556, 2023 WL 3580822, at *4

4

(D.N.J. May 22, 2023). As such, Petitioner's habeas petition would remain time barred even if the Court gave him the benefit of the date he mailed his initial PCR petition, and Respondent's motion must be granted. Petitioner's habeas petition shall therefore be dismissed with prejudice as time barred.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's Petition was untimely filed and that Petitioner has failed to show a basis for sufficient tolling to evade the time bar, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

For the reasons expressed above, Respondents' motion to dismiss (ECF No. 6) is **GRANTED**; Petitioner's habeas petition is **DISMISSED** as untimely filed; and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6